Gorham v. Canton.

*The inhabitants of* GORHAM *vs. The inhabitants of* CANTON.

Upon a question of domicil, the declarations of the party whose home is in controversy, made at the time of his going or returning, may be received as evidence of his intention.

THE question in this case was whether *Enoch Waite*, the husband of the pauper, had his domicil in *Canton*, at the time of the passage of *Stat.* 1821, *ch.* 122.

In *May* 1818, he went to reside in the family of Dr. *Holland* in that town; and from that time till *May* 1825, he continued to reside there, except when absent on excursions and journies, which amounted to about one third of the time. In order to ascertain the character of his residence there, and of his motives or intentions relating to it, the defendants offered evidence of his declarations, (he being now dead,) made at different times during that period, when setting out on such excursions and journies, showing a design to remove; which was admitted by the Chief Justice, before whom the cause was tried.

The plaintiffs then offered evidence of his declaration while in *Falmouth*, on one of those peregrinations, that he was *going home* to Dr. *Holland's ;* which the defendants objected to; but the Chief Justice overruled the objection and admitted the testimony; and a verdict being returned for the plaintiffs, the question upon the admissibility of this testimony was reserved for the consideration of the court.

*Fessenden* and *Deblois*, for the defendants, admitted that his declarations made while going, and stating the place to which he was bound, might be received in evidence, as explaining the act he was then performing. But, that the place to which he was going was his *home*, was an independent fact, concerning which his declarations could not be taken as part of the *res gesta*, but stood on the ground of any other hearsay evidence. Such testimony, though it may be the declaration of the pauper himself, and though he be dead, is not admissible upon the question of his settlement. *Rex v. Chaddeston*

Gorham *v.* Canton.

2. *East* 27. *Rex v. Ferryston ib.* 54. *Rex v. Eriswell* 3. *D. & E.* 707. *Rex v. Abergwilly* 2. *East* 63. *Rex v. Newnham Court-ney* 1. *East* 373. *Rex v. Swith* 8. *East* 539. 1. *Phil. Ev.* 196. *Swift's Ev.* 123. Nor can it be received as *res gesta*, because it relates to an independent fact, and rests, for belief, solely on the credit of the party, deriving no support from what he was then doing, and not illustrating his intent. 1. *Stark. Ev.* 47. 1. *Phil. Ev.* 218. The testimony offered by the defendants was wholly of this latter character, being of declarations made at the place of his residence, and showing the intent with which he was then leaving it.

*Adams,* for the plaintiffs, to show that the testimony objected to was the proper evidence of domicil, cited *Vattel, b.* 1. *ch.* 19. *sec.* 218. *West Cambridge v. Lexington* 2. *Pick.* 536.

WESTON J. delivered the opinion of the Court.

We are of opinion that the testimony objected to, was properly admitted. It was part of the *res gesta.* The pauper, being at *Falmouth,* was setting out from there to go to some other place. He declares where, and for what purpose. His intention can be known only to himself; except so far as it is communicated by his declarations. And these declarations are legal evidence of his intention. Where it is necessary to show the nature of an act, or the intention with which it is done, proof of what was said by the party, at the time of doing the act, is admissible. 1. *Phil. Ev.* 218. Thus, under the bankrupt system, the declarations of a trader, at the time of his absenting himself from home, are received in evidence to show the motives of his absence. Had the pauper declared that he was going to consult Dr. *Holland* as a physician; to adjust accounts between them; to procure the clothes he had left at his house; or for any special purpose, proof of such declarations would have been admissible. Of the same character, in principle, is his statement that he is going to Dr. *Holland's,* because that is his home. Such declarations show the intention with which the act is done. A man without a family or house of his own, leaves the place, where he has resided and had his home, and it becomes important to ascertain for what

purpose; whether his absence is intended to be temporary or permanent; what he said at setting out, or on the way, upon this point is evidence of his intention; and has often been received on questions of domicil.                                     *Judgment on the verdict.*